IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICKY DON OWENS,

    Plaintiff,

    v.                                  CASE NO. 18-3239-SAC

FINNEY COUNTY, KANSAS,
et al.,

    Defendants.

### ORDER

Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action. This matter is before the Court on Plaintiff's Motion for Injunctive Relief (Doc. 4) and Supplement (Doc. 5). Plaintiff alleges that his detention at the Finney County Jail subjects him to the risk of being denied access to legal correspondence and materials, tampering with his mail, and the denial of other inmate privileges. He asks the Court to order the Finney County Jail to transfer Plaintiff to another county jail.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

On November 1, 2018, Plaintiff gave a Notice of Change of Address (Doc. 6), noting that he is no longer detained at the Finney County Jail. Therefore, Plaintiff cannot establish a

likelihood that he will suffer irreparable harm in the absence of a preliminary injunction. His request to be transferred from the Finney County Jail is moot.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted). The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Injunctive Relief (Doc. 4) is **denied.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 6th day of November, 2018.**

                                          **s/ Sam A. Crow**
                                          **SAM A. CROW**
                                          **Senior U. S. District Judge**