# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICKY DON OWENS,**

    **Plaintiff,**

    v.                                       CASE NO. 18-3239-SAC

**FINNEY COUNTY, KANSAS,**
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was housed at the Finney County Jail in Garden City, Kansas. Plaintiff alleges that between May 9, 2018 and September 7, 2018, he suffered multiple constitutional violations while awaiting trial for a felony charge and serving time for a KDOC parole revocation. Plaintiff alleges deliberate and reckless indifference to his serious medical needs, torturous or inhumane punishment, and denial of due process and equal protection of the law. Plaintiff alleges that defendants conspired to destroy evidence of these violations and to delay medical treatment in order to save medical expenses. Plaintiff names as Defendants: Finney County, Kansas; the Finney County Jail; Kevin Bascue, Finney County Sheriff; Mark Welch, Finney County Jail Administrator; Kyle Lawson, Finney County Jail Lieutenant; and RN Michelle Newsome, Medical Official of Finney County Jail. Plaintiff seeks compensatory and punitive damages.

    In Count I, Plaintiff alleges that Defendants subjected him to cruel and unusual punishment in denying Plaintiff proper medical care. Plaintiff alleges that between May 9, 2018

and September 7, 2018, Defendant Newsome completely ignored several oral and written requests by Plaintiff to be seen by medical staff for serious health issues, "such as manic depressive disorder, paranoia, and hallucinations, plus suicidal and homicidal ideation." Plaintiff also alleges that Newsome refused to see Plaintiff regarding two separate MRSA infections, both of which ultimately resulted in Plaintiff being taken to the Emergency Room at St. Catherine's Hospital in Garden City, Kansas. Plaintiff alleges that Newsome repeatedly delegated the task of making medical diagnoses to untrained and unqualified security staff, causing a delay in treatment. Plaintiff alleges that Newsome sent Corporal Anderson on July 13, 2018, Deputy Garcia twice on July 14, 2018, and Sergeant Heckle on July 15, 2018, to diagnose Plaintiff's MRSA infections. Plaintiff informed each officer that he was suffering severe pain from what he believed to be a MRSA infection and that KDOC implements Emergency Infection Control Procedures when an inmate is suspected of having MRSA. Newsome refused to see Plaintiff until after he had been taken to the Emergency Room on July 16, 2018 and August 24, 2018. Plaintiff argues that "[a]ny reasonably competent medical worker would have known that the F.C.J.'s security staff were untrained and unqualified to diagnose illnesses, and that there was a high probability that any diagnosis security staff made could result in Plaintiff's serious injuries to go untreated for an unnecessary duration, and therefore, might cause him to suffer needless pain and emotional distress, such as physical anguish and fear of death, paranoia, and panic." (Doc. 1, at 5.)

Plaintiff alleges that Defendants Bascue, Welch and Lawson maintained a number of official and unofficial practices, policies, or customs which were responsible for allowing the type of environment which ultimately caused Plaintiff's injuries to flourish. Plaintiff alleges that the policies, practices, or customs include: failure to hire additional medical staff when

Newsome was the sole medical provider for both FCJ and the Juvenile Detention Center; failure to properly investigate reports of deficiencies in the care provided by Newsome; failure to discipline Newsome for negligence and deliberate indifference to inmates serious medical needs; failure to properly monitor the jail to ensure inmate's serious medical needs were met; and failure to train staff to refuse to attempt to make medical diagnoses for which they have no training or qualifications. Plaintiff alleges that the number of complaints over the course of several years regarding the deficiencies in FJC's medical care indicate Defendants approved of, or at least knowingly acquiesced in, Newsome's deprivation of medical care.

In Count II, Plaintiff alleges that on July 14, at approximately 10:30 p.m., Plaintiff was thoroughly maced with pepper spray for refusing to lockdown and closing a number of cell doors without permission, in an attempt to protest FCJ's lack of medical care. Plaintiff alleges that "after making his grievance clear to the officer-in-charge," Plaintiff peacefully locked himself down, then allowed officers to restrain him in cuffs and remove him to the segregation cell. Plaintiff alleges that over the course of the next 36 hours, Plaintiff requested multiple times to be allowed to shower to relieve the burning effects, but was denied such requests by "staff" who stated that "Administration (i.e. Lieutenant Lawson, Administrator Welch, or Sheriff Bascue) had not okayed it." *Id*. at 6. Plaintiff alleges that Defendants also subjected him to the unnecessary and wanton infliction of pain by refusing him a mattress or other padding to sit on following his first Emergency Room visit and the ensuing surgery on his left buttock. Defendants denied numerous oral and written complaints by Plaintiff describing the pain he was suffering due to the location of the surgery, which consisted of a three-inch incision to drain a deep MRSA abscess. Plaintiff alleges that Defendants maintained a policy, practice or custom of

failing to investigate complaints of malice or oppression, failure to implement an adequate grievance process, and failure to discipline officers.

In Count III Plaintiff claims that from June 17 to August 15, 2018, Defendants prevented Plaintiff from placing calls to his attorney and from purchasing correspondence materials for his pending criminal case or seeking injunctive relief "for civil rights violations." Plaintiff claims he sent multiple Inmate Communication Forms requesting to call his attorney or to be allowed a pen, paper and correspondence material, but was refused by Admin.

## I. DISCUSSION

### 1. *Finney County Jail*

Plaintiff names the Finney County Jail as a Defendant. The facility is not a suable entity. Prison and jail facilities are not proper defendants because none is a "person" acting under color of state law. As a governmental sub-unit, the jail cannot sue or be sued, and it is subject to dismissal from this action. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished); *Aston v. Cunningham*, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished) (stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued"). The Finney County Jail is dismissed from this action.

### 2. *Motion to Amend*

Plaintiff has filed a Motion to Amend Complaint (Doc. 12) seeking to add to Count III a claim for violation of his First Amendment right to petition the government for a redress of grievances. Plaintiff's motion to amend fails to attach his proposed amended complaint. *See* D. Kan. Rule 15.1(a). Plaintiff's motion to amend his complaint is denied.

*3. Screening Plaintiff's Complaint*

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Finney County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the Finney County Jail to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend Complaint (Doc. 12) is **denied.**

**IT IS FURTHER ORDERED** that Defendant Finney County Jail is **dismissed.**

**IT IS FURTHER ORDERED** that**:**

> (1) the clerk of the court shall prepare a waivers of service form for Defendants Finney County, Kansas, Bascue, Welch, Lawson and Newsome, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon these Defendants at no cost to Plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court. The answer or other responsive pleading shall be filed thirty (30) days after the *Martinez* report is filed.

(2) Officials responsible for the operation of the Finney County Jail are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The Finney County Jail must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Finney County Jail to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the

report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 1st day of March, 2019.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**